UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                 :

In the Matter of the Arbitration Between:     :
                                 :

FLUOR DANIEL INTERCONTINENTAL,   :
INC., and FLUOR ARABIA LIMITED,     :
                                 :

             <u>Claimants-Respondents,</u>    :
                                 :          06 Civ. 3294 (GEL)
               - and -                :
_____  :      <u>OPINION AND ORDER</u>

GENERAL ELECTRIC COMPANY, GE     :
POWER SYSTEMS, INC., GENERAL      :
ELECTRIC INTERNATIONAL, INC.,      :
GENERAL ELECTRIC TECHNICAL      :
SERVICES COMPANY, INC., and       :
SAUDI AMERICAN GENERAL ELECTRIC  :
COMPANY,                             :
            <u>Respondents-Petitioners.</u>    :
                                 :
------------------------------------------------------------x

H. James Wulfsberg, Wulfsberg Reese Colvig &
Firstman, P.C., Oakland, CA; and William J.
Postner, Schiff Hardin LLP, New York, NY, <u>for</u>
<u>Claimants-Respondents.</u>

Richard L. Abramson and Howard M. Rosen,
Peckar & Abramson, P.C., New York, NY, <u>for</u>
<u>Respondents-Petitioners</u>.

_____

 GERARD E. LYNCH, <u>District Judge</u>:

       Respondents-Petitioners General Electric Company, GE Power Systems, Inc., General

Electric International, Inc., General Electric Technical Services Company, Inc., and Saudi

American General Electric Company ("SAMGE") (collectively, "General Electric" or "GE")

move, pursuant to 9 U.S.C. § 9, for an order confirming a partial arbitration award.  The motion

will be granted with respect to all claims finally and definitely disposed of by the award, subject

to the procedure described below.

**BACKGROUND**

This case is one of a series of legal proceedings arising out of a dispute related to the

construction of a power plant in Rabigh, Saudi Arabia.  In October 1998, Fluor Daniel

Intercontinental, Inc. and Fluor Arabia Limited (collectively, "Fluor") filed a civil fraud action in

the United States District Court for the Southern District of New York against General Electric,

seeking $160 million in damages due to General Electric's alleged intentional misrepresentation,

innocent misrepresentation, concealment, negligent misrepresentation, and breach of contract

relating to the construction project.  General Electric moved to compel arbitration, pursuant to

the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3.  The court granted the motion to compel

arbitration and a final judgment issued.  Fluor Daniel Intercont'l, Inc. v. Gen. Elec. Co., No. 98

Civ. 7181, 1999 WL 637236 (S.D.N.Y. Aug. 20, 1999).  After agreeing upon an arbitral panel

and rules for the proceedings, the parties engaged in an extensive, 28-day arbitration proceeding,

American Arbitration Association Case No. 50 T 110 00373 99, divided into two phases.  Phase

I focused on the issue of fraud and was held in April 2001.  Phase II focused on liability and

damages and was held in June and December 2002 and January 2003.  (GE Pet. to Conf. 4.)

The arbitral tribunal issued a lengthy and thorough "Corrected Partial Award" dated June

24, 2005.  (GE Pet. to Conf. Exh. H (the "Partial Award").)  On April 28, 2006, General Electric

initiated the present civil action to confirm this partial award, acknowledging that the Arbitral

Tribunal (also referred to as "the Panel") still retains jurisdiction over many of the original

claims.  Fluor argues that the motion to confirm should be denied on the grounds that, inter alia, the Partial Award is not "final and complete."

On June 5, 2006, Fluor submitted to the Panel a request for clarification of the Panel's intent as to the Partial Award, arguing that the Partial Award was not final and should not be confirmed. (Rosen Decl. Exhs. A-B.)  The Panel responded with a brief letter, stating that the Award "is final only with respect to matters resolved in that Award."  (Rosen Decl. Exh. C.)

The issue now presented is whether the partial award is sufficiently final to be confirmed; Fluor does not raise any objections to the content of the award.

## DISCUSSION

The FAA includes a strong presumption that if an award is final and neither party has a legitimate objection, the court should confirm it.  See 9 U.S.C.  § 207; see also Wall Street Assocs., L.P. v. Becker Paribas Inc., 27 F.3d 845, 849 (2d Cir. 1994).  There are thus two questions that are presented here: (1) whether we may confirm *any* part of the partial award and (2) if so, what parts of the award may be considered final and confirmable.

## I.    The Confirmation of Partial Awards

Under the FAA, "a district court does not have the power to review an interlocutory ruling by an arbitration panel."  Michaels v. Mariform Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980).  See also Yonir Techs, Inc. v. Duration Sys. (1992) Ltd., 244 F. Supp. 2d 195, 206 (S.D.N.Y. 2002) (there is no judicial authority over "an interlocutory order related to an ongoing arbitration.").

However, a district court is not precluded from confirming final resolutions of claims that have been decided once and for all by the arbitrators, where the arbitrators have expressly

confirmed that the award was intended to be final with respect to those claims fully adjudicated. "[A]n award which finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration." Metallgesellschaft A.G. v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir. 1986).  Thus, a partial award that is "independent and separate from the remaining issues before the arbitrators and [can] be finally determined without reference to those legally irrelevant issues" may be confirmed.  Id. at 282.  See also Yonir Techs., 244 F. Supp. 2d at 204 ("[D]isposition of an issue that is separate from other issues before the arbitrators can be deemed final and subject to judicial review." (internal citations omitted)).

Fluor correctly points out that Michaels prohibits the confirmation of "interim" awards. In Michaels, the arbitrators had resolved only some of the many liability issues at hand, had not addressed damages at all, and were still actively receiving testimony.  The Court thus regarded the interim award as interlocutory.  Id. at 413-14.  Subsequent case law, however, has recognized Michaels for the proposition that partial and severable claims *can* be confirmed as final when they were intended as such by the arbitrator.  See Private Sanitation Local 813, Int'l Bhd. of Teamsters v. V & J Rubbish Removal, No. 89 Civ. 5945, 1990 WL 144207, at *2 (S.D.N.Y. Sept. 26, 1990) (collecting cases).

This Court is to determine if the Partial Award at issue here resolves issues "definitively enough so that the rights and obligations of the two parties . . . do not stand in need of further adjudication."  Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 176 (2d Cir. 1998).  The Partial Award at issue here generally conforms to these standards, and is quite different from the one at issue in Michaels, which did not decide any of one entity's claims, did

4

not determine damages on any of the counterclaims pressed, reserved judgment on one counterclaim, and, most importantly, did not "purport to be final." 624 F.2d at 412-13.

Here, the Partial Award by its terms makes quite clear that it is intended as a final disposition of at least some of the claims and counterclaims: "The Tribunal hereby disposes of those issues decided herein while reserving to a full award on those matters still subject to its deliberation."  (Partial Award 1.)  This language clearly indicates that some matters are *not* "still subject to its deliberation."  The Partial Award indicates that matters yet to be decided are limited to the quantification of damages, interest, and "previously-filed claims and counterclaims that were not decided in this Partial Award."  (Partial Award 306.)

Similarly, Arbitrator William W. Park's response to Fluor's request for clarification clearly implies that the award is final with respect to some matters:

> (i) the Tribunal retains jurisdiction to all *outstanding* claims and
> (ii) the Corrected Partial Award of 24 June 2005 is *final only with respect to matters resolved* in that Award.

(Rosen Decl. Exh. C.; emphasis added.)  Thus, there can be no doubt that at least some claims in the Partial Award are final.

## II.  **Fluor's Arguments Against Permissive Confirmation**

In its opposition to confirmation, Fluor advances a number of theories that suggest that, even if this Court is able to confirm the partial award, the Court should exercise discretion not to do so.  None of these theories are persuasive.

Despite Fluor's suggestions otherwise, Petitioners-Respondents' motives in seeking confirmation are not relevant to the decision regarding whether to confirm the Award.  That being said, it is not clear why GE decided to seek confirmation at this time, as opposed to

waiting for a final award that disposes of all issues.  Fluor has agreed to stipulate to an extension

of the one-year statute of limitations, removing one possible source of urgency.  (Fluor Mem. 4.)

See Photopaint Techs., LLC v. Smartlens Corp., 335 F.3d 152 (2d Cir. 2003) (holding that one-

year statute of limitations can be waived by agreement).  If Fluor should later attempt to oppose

confirmation of any award at a latter date based on the one-year statute of limitations, it would

be judicially estopped from doing so.  See Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d

1, 6-7 (2d Cir. 1999).

Regardless of whether GE is *required* to file a motion for confirmation within one year,

however, it certainly is not barred from doing so.  And although Fluor may be correct that GE

would suffer no adverse consequences should the award not be confirmed until the end of all

arbitration, a lack of prejudice is not enough to deny a confirmation for which the moving party

otherwise qualifies, particularly in light of the FAA's presumption of confirmability, as

discussed above. Finally, though this Court always appreciates efforts to conserve its time and

energy, concern for judicial economy is not an adequate reason to deny confirmation of the

partial award.

## III.    The Need to Determine Which Parts of the Partial Award Are Final and Confirmable

Although it is clear that some parts of the award are final, it is equally clear that some

parts are not.  GE's Petition does not specifically elucidate which parts of the Partial Award

should be confirmed at this time, simply urging that the award as a whole be confirmed.  The

Partial Award determined entitlement, but not damages, on a variety of claims asserted by Fluor,

and both entitlement and damages as to GE's counterclaims.  While the financial awards,

findings of liability, and dismissals of claims contained in the Partial Award are not made

conditionally, or based on any further findings that may arise in the future, the actual calculation

of damages has not been completed in regards to some of these claims, and will be further

addressed by the Tribunal.  (Partial Award 306.)

Some of the components of the awards appear to be more final than others.  For example,

the Tribunal awards GE slightly over $4 million in disposing of its counterclaim related to the

completion of Fluor's work.  (Partial Award 310.)  The Tribunal also dismisses without

prejudice Fluor's request for a declaration relating to the "backstop" letter of credit.  (Id.)

The claims that are dismissed, and the claims on which damages are awarded, would

seem to be finally resolved.  But as to the claims where only liability has been determined, the

Partial Award cannot be confirmed.  As Michaels notes, "in order for a claim to be completely

determined, the arbitrators must have decided not only the issue of liability of a party on the

claim, but also the issue of damages."  624 F.2d at 413-14.  This general rule has been extended

post-Metallgesellschaft.  In Kerr-McGee Refining Corp. v. M/T Triumph, 924 F.2d 467, 471 (2d

Cir. 1991), the Second Circuit found that a partial award did not "finally dispose of an

independent claim because it left open the question of damages" when it left the issues of

punitive or RICO damages, costs and attorneys' fees open to question.  But see Advest, Inc. v.

Asseoff, No. 92 Civ. 2269, 1993 WL 119690, at *6 (S.D.N.Y. Apr. 14, 1993) (finding the issue

of attorneys' fees alone to be a sufficiently separate claim to allow confirmation of resolved

issues).

Beyond the claims that only determine liability and not damages, there are several

decisions made in the Partial Award that do not fully dispose of claims, but merely decide issues

that bear on future determinations as to claims that still must be made, such as the finding of no evidence justifying the "piercing of the corporate veil" in order to establish liability.  (Partial Award 310.)  As discussed above, the Court will only confirm the arbitration award as to the disposition of claims, not to determinations of mere issues like this one.[1]

As the parties acknowledge, it is not this Court's responsibility to investigate the 312-page award page by page in order to determine which claims GE seeks to be confirmed as final. However, the Court disagrees with GE's assertion that there "is no need to parse through the extensive Partial Award in order to make it clear in the confirmation judgment that those remaining claims are not confirmed . . . ."  (GE Reply 8.)  The Court cannot partially confirm the Partial Award until it, and the parties, are clear on what it is confirming.

## CONCLUSION

Accordingly, the award will be confirmed to the extent that it represents a final resolution of severable claims under the standards set forth above.  GE shall submit by April 16, 2007, a draft judgment listing those claims that have been thus resolved.  Fluor may submit any opposition by April 30, 2007.  Now that the standards have been clarified, however, the parties should be able to resolve these issues without much difficulty, and the Court expects that they will make good faith efforts to do so.

---

[1] Parties' counsels have engaged in significant correspondence about whether Respondent-Petitioner's motion to confirm would deprive the Tribunal of jurisdiction over supplemental claims raised by Fluor.  Since this opinion only holds that claims that have been considered and once and for all decided by the Arbitral Tribunal are confirmed, it is clear that any new claims which the Tribunal has not had a chance to consider or rule on will not be barred by confirmation.

SO ORDERED.

Dated: New York, New York
       March 12, 2007

GERARD E. LYNCH
United States District Judge